# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## AT COVINGTON

**CIVIL ACTION NO. 09-121-DLB**

**TODD HOLLOWELL**                                                                                                      **PLAINTIFF**


**vs.**                                            **MEMORANDUM OPINION AND ORDER**


**CINCINNATI VENTILATING**
**COMPANY, INC., ET AL.**                                                                            **DEFENDANTS**

*        *        *        *        *        *        *

After he was terminated in December 2007, Plaintiff, Todd Hollowell, commenced this action against his former employer Defendants Cincinnati Ventilating Company ("CVC") and its pension plans alleging age and disability discrimination as well as numerous violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), including breach of fiduciary duty, violation of ERISA's anti-cutback provision, and discrimination under ERISA § 510. Plaintiff further alleges procedural violations of ERISA including failure to provide all relevant plan documents within the time specified by statute as well as failure to provide summary plan descriptions reasonably calculated to be understood by the average plan participant. Plaintiff filed this lawsuit on behalf of himself and those similarly situated, in other words, those individuals who participated in CVC's ERISA-regulated pension plans. Defendants seek dismissal on all counts.

This matter is presently before the Court on Defendants Cincinnati Ventilating Company, Inc. and its ERISA-regulated plans' Motion to Dismiss. (Doc. # 5). The motion

has been fully briefed (Docs. #8, 13). On April 22, 2010, oral argument was held on Defendants' motion, and the matter is now ripe for review. For the reasons set forth below, because Plaintiff failed to plead factual allegations sufficient to raise his right to relief beyond a speculative level with respect to his ERISA-based claims, and having concluded amendment would be futile, Defendants' Motion to Dismiss (Doc. #5) is **GRANTED** as to Counts I-VI. Defendants' motion will be **DENIED** with respect to Counts VII-IX, and Plaintiff shall amend his Complaint to properly state claims of age and disability discrimination.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

CVC is a metal fabricating company located in Florence, KY. Plaintiff, a resident of Indiana, began working for CVC on July 16, 1982. In June 2006, Plaintiff was demoted from his position as Plant Foreman to a second shift foreman. At the time of demotion, Plaintiff alleges Kevin Martin–owner of CVC and plan fiduciary of CVC's retirement plans–expressed that Plaintiff would no longer be eligible to participate in bonuses or the company's profit sharing plan. Plaintiff further alleges he was terminated in December 2007 at the age of fifty-three,[1] and was offered a severance package in exchange for a release of any claims against CVC, its divisions, affiliated entities, employee benefits and pension plan funds, trustees, administrators, and assigns. After his termination, Plaintiff filed a charge of discrimination with the EEOC, alleging age and disability discrimination. Upon receiving his right-to-sue letter on June 22, 2009, Plaintiff filed the instant action.

### The Plans

CVC is the plan sponsor of the pension benefit plans at issue in this case. The plans

---

[1]Plaintiff's charge of discrimination filed with the EEOC indicates a termination date of November 21, 2007, rather than the December 2007 date referred to in the parties' briefs.

CVC sponsors are ERISA-regulated employee benefit plans. Defendants contend that during CVC's history it has only maintained two retirement plans: (1) a defined benefit plan established in 1971 that was amended over time and ultimately terminated in September 1990 ("defined benefit plan"); and (2) a 401(k) profit sharing plan that became effective on January 1, 1990, has been amended over time, and is currently in effect ("401(k) Plan").[2] According to Plaintiff's Complaint, he received a termination notice on September 17, 1990, indicating the defined benefit plan was terminated effective September 15, 1990, and further that "a notice would be filed with the PBGC [Pension Benefit Guaranty Corporation] regarding the termination of Cincinnati Ventilating Company, Inc. Pension Plan Number 002."

The 1990 summary plan description ("SPD") for the 401(k) Plan indicates that it is a defined contribution plan, effective January 1, 1990. The plan identifier is listed as Cincinnati Ventilating Company 401(k) Plan 001. According to his Complaint, Plaintiff's 1994 Statement of Benefits for the 401(k) Plan showed an employee rollover amount of $1523.09, which Defendants contend was Plaintiff's vested benefit accrued under the previous plan. The latest SPD for the 401(k) Plan states a participant is "100% vested in rollover contributions at all times." (Doc. #5, Ex. 1).

_____

[2]Despite the fact that Defendants' motion is before the Court pursuant to Rule 12(b)(6), Plaintiff in his Response made clear that he believes "there is a genuine issue of material fact" as to how many pension plans CVC sponsored and the nature of those plans. Plaintiff believes further that CVC has been "falsely reporting" how many defined benefit plans it sponsors, presumably because CVC's 1994, 1995, and 1997 Annual Benefit Reports use the plan identifier 003 for the 401(k) Plan. (Doc. #1, ¶ 125) (Docs. #8, Exs. 15, 16)

The Court is satisfied, however, with Defendants' representation at oral argument that only two retirement plans were ever in existence. Counsel made clear in a letter dated August 25, 2008, to Plaintiff's counsel that only one plan was ever in existence after 1990. Defendants' counsel indicated that any differences in plan identifiers were likely due to plan amendments as well as a shift in plan administration such that CVC was complying with the 1986 Tax Reform Act. (Doc. #8, Exs. 15, 16).

## II. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To be clear, it can hardly be said that Plaintiff's 66-page, 349-paragraph complaint constitutes a "short and plain statement of the claim" for which Plaintiff seeks relief, a point expressly acknowledged by Plaintiff's counsel at oral argument.

In reviewing a Rule 12(b)(6) motion to dismiss, this Court "must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). However, the principle that a court must accept as true all allegations contained in the complaint does not apply to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

To survive a motion to dismiss, the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, but it must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. To satisfy this standard, the complaint must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Furthermore, the complaint must "contain either direct or inferential allegations respecting all the material elements [of a claim] to sustain a recovery under some viable legal theory." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir.

4

2009) (quoting *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999)) . A complaint will be insufficient if it tenders only "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. Consequently, while legal conclusions may provide the framework of the complaint, if unsupported by factual allegations, dismissal is appropriate.

Claims brought under ERISA are subject only to the simplified pleading standard of Fed. R. Civ. P. 8. *In re Cardinal Health, Inc. ERISA Litig.*, 424 F. Supp. 2d 1002, 1015 (S.D. Ohio 2006); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Under Rule 8, the Court will construe pleadings "liberally in order to prevent errors in draftsmanship from barring justice to litigants." *Minadeo v. ICI Paints*, 398 F.3d 751, 762 (6th Cir. 2005) (quoting *Ritchie v. United Mine Workers of Am.*, 410 F.2d 827, 832 (6th Cir. 1969)). In considering a defendant's motion to dismiss, it is appropriate for this Court to take account of any relevant plan documents incorporated into the complaint by reference. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *In re Cardinal Health*, 424 F. Supp. 2d at 1016. Courts may consider ERISA plan documents not attached to a complaint where a plaintiff's claims are "based on rights under plans which are controlled by the plans' provisions as described in the plan documents" and where the documents are "incorporated through reference to the plaintiff's rights under the plans, and they are central to plaintiff's claims." *Weiner*, 108 F.3d at 89; *see also City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 659 n.6 (6th Cir. 2005). Accordingly, the plan documents Defendants and Plaintiff attach to the fully briefed motion to dismiss, will be considered as part of the pleadings in ruling on Defendants' motion to dismiss.

**B.     ERISA-based Claims**

**1.     Count I**

In Count I of his Complaint, Plaintiff alleges that "Defendants terminated [his] employment with a specific intent to interfere with Plaintiff's health, pension, life, and other welfare benefits" in violation of ERISA § 510.  (Doc. #1, ¶ 280).  Defendants argue that although Plaintiff provided a succinct statement of the law, he did not "allege[] that [he] exercised or even attempted to exercise any ERISA-based right prior to being laid off...[or] that the Company actually interfered with the exercise of a right."  Plaintiff, however, has correctly pointed out that § 510 protects not only the exercise or attempted exercise of any ERISA-based right, but also protects a participant from *interference* with the future attainment of any ERISA-based right.  Despite the statute's recognition of interference-based claims, Plaintiff fails to adequately state a claim of interference under § 510.

Pursuant to § 510, "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan...or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan."  29 U.S.C. § 1140.  The aim of § 510 is to "prevent[] unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights."  *West v. Butler*, 621 F.2d 240, 245 (6th Cir. 1980).

To state a claim under § 510, a plaintiff must show his employer had the specific intent to violate ERISA, and requires that the discrimination "affect the individual's employment relationship in some substantial way."  *Id.* at 245-46; *see also Walsh v. United*

*Parcel Serv.*, 201 F.3d 718, 728 (6th Cir. 2000). In the absence of direct evidence of an employer's discriminatory intent, a plaintiff can state a claim by establishing there was "(1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Crawford v. TRW Auto. U.S. LLC*, 560 F.3d 607, 613 (6th Cir. 2009) (quoting *Smith v. Ameritech*, 129 F.3d 857, 865 (6th Cir. 1997)); *see also Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 455 (6th Cir. 2003).

However, bare legal conclusions unsupported by even the slightest factual allegations are insufficient to form the basis of a complaint. In *Hughes v. America's Collectibles Network, Inc.*, No. 3:09-cv-176, 2010 WL 890982 (E.D. Tenn. March 8, 2010), the district court for the Eastern District of Tennessee dismissed plaintiffs ERISA § 510 claims for failure to state a claim pursuant to Rule 12(b)(6). Identical to the instant action, the plaintiff in *Hughes* alleged merely that she was a participant in an ERISA-regulated health benefit plan sponsored by her employer, and that her employer "intentionally terminated [her] in order to avoid paying health care expenses...for the purpose of interfering with her protected right to receive ERISA benefits." 2010 WL 890982, at *6. The court concluded that the plaintiff's allegations amounted to nothing more than conclusory legal statements, wholly unsupported by any factual allegations such that dismissal of the plaintiff's § 510 claim was appropriate. *Id.*

In *Gordon v. America's Collectibles Network, Inc.*, No. 3:09-cv-206, 2010 WL 925785 (E.D. Tenn. March 8, 2010), the Eastern District of Tennessee again dismissed a § 510 claim, despite the existence of factual allegations that the plaintiff was a participant in an ERISA health benefit plan who was diagnosed with cancer, requiring the plan to pay out

extensive medical costs for his treatment.  Almost three years after his diagnosis, the plaintiff alleged he was called to a meeting in which "the issue of soaring health costs" was discussed, after which plaintiff asserted he was terminated "in order to avoid anticipated health care expenses," specifically "for the purpose of interfering with his protected rights to receive ERISA benefits."  2010 WL 925785, at *1, *5.  Just as in this action, Defendants in *Gordon* moved to dismiss on the basis of the Supreme Court's decision in *Twombly*.  550 U.S. 544.  The court again dismissed, stating that plaintiff merely asserted legal conclusions masquerading as factual allegations.  *Gordon*, 2010 WL 925785, at *6.

In dismissing plaintiffs § 510 claims, Judge Varlan relied–in both cases–on the Sixth Circuit's opinion in *Bingaman v. Procter & Gamble Co.*, No. 04-3584, 2005 WL 1579703, at *7 (6th Cir. July 6, 2005), wherein the court stated "a plaintiff does not state a *prima facie* case of § 510 interference if the plaintiff demonstrates only that he lost the opportunity to accrue new benefits."  (quoting *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1113 (6th Cir. 2001) (internal quotations and citations omitted).[3]  Although not binding, the Court finds *Gordon* and *Hughes* persuasive.  Plaintiff herein alleges far fewer factual allegations than even those alleged in *Gordon*.  Because the allegations contained in his Complaint amount to nothing more than the *fact* that Plaintiff was terminated from a job that sponsored an ERISA-regulated plan of which he was a participant and the *legal conclusion* that he was terminated to interfere with those benefits, Plaintiff has failed to state a claim upon which relief may be granted and Defendants' motion to dismiss as to

---

[3]This Court is aware that *Bingaman* was decided at summary judgment, but relies on *Bingaman* insofar as the decision articulates that bare factual assertions alone are insufficient to *state a claim* of interference under the statute.  2005 WL 1579703, at *8.

Count I will be granted.

### 2. Counts II & V

In Counts II and V of his Complaint, Plaintiff asserts procedural violations of ERISA. Namely, he alleges Defendants failed to produce all requested plan documents, and the summary plan descriptions ("SPD") received were not reasonably calculated to be understood by the average plan participant in violation of the Code of Federal Regulations ("CFR"). In Count II, Plaintiff specifically contends he is entitled to damages under ERISA § 501(c)(1), 29 U.S.C. § 1132(c)(1), for CVC's failure to provide the requested plan documents within 30 days of his request in violation of ERISA §§ 104(b)(4) and 109(c). 29 U.S.C. §§ 1024(b)(4), 1029(c). Plaintiff alleges he is entitled to $100.00/day since January 2008 for Defendants' refusal pursuant to ERISA § 501(c)(1), which imposes its statutory penalty on any plan administrator who fails to provide a plan participant or beneficiary any information that is required by the subchapter of the statute. Under ERISA §104(b)(4), a plan administrator shall:

> upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

29 U.S.C. § 1024(b)(4). Congress' intent in enacting the ERISA-disclosure provisions was to ensure "that the individual participant knows exactly where he stands with respect to the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989) (citation omitted).

Plaintiff recounts a protracted history of the communication between he and Defendants concerning his requests for production of documents. From what can be gleaned from the Complaint, Plaintiff alleges he did not receive copies of the relevant trust

agreements (Doc. #1, ¶ 287),[4] information relevant to whether Plaintiff was a highly compensated employee, all worksheets and correspondence used to calculate Plaintiff's benefits under the plans, information as to the base and excess contributions made to the 401(k) plan on Plaintiff's behalf, an accounting of all monies contributed by Plaintiff between 1982-present, etc.  Specifically, in the factual section of his Complaint, Plaintiff alleges that he "did not receive a Statement of Benefits for the 401(k) Profit Sharing Plan between October 1, 1994 and March 31, 1995" (Doc. #1, ¶ 133), and did not receive Summary of Account statements between September 1990 and October 2006.  (Doc. #1, ¶¶ 72-76).[5] Defendants respond by stating all required documents have been produced, and further they are not required to maintain plan documents relating to the 1971-1990 defined benefit plan under 29 U.S.C. § 1027, ERISA's document retention statute.  In seeking dismissal, Defendants appropriately argue that Plaintiff's *desire* for more documents fails to state a cause of action.  The Court agrees.

To state a claim that Defendants violated ERISA § 104(b)(4), Plaintiff must establish that he made a written request to the plan administrator, and that the administrator failed to respond within thirty days.  29 U.S.C. § 1024(b)(4); 29 U.S.C. § 1132(c)(1); *see Kollman*

---

[4]Although this paragraph also states that CVC did not provide a copy of the Employer Adoption Agreement as requested, paragraph 294 states that CVC provided the Adoption Agreement for the 401(k) Plan.

Additionally, to the extent a trust agreement exists, Defendants shall provide a copy to Plaintiff pursuant to ERISA § 104(b)(4) within thirty days of the date of this Order.  29 U.S.C. § 1024(b)(4).

[5]Plaintiff, in his response to Defendants motion to dismiss, attaches various sealed exhibits, which include account statements for July - October 1994, October - July 1996, October - December 1997, July - September 2005, and October - December 2006, making clear that Plaintiff's allegation in his Complaint concerning disclosure of summary account statements is inaccurate.  While the Court may not grant a 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), it "need not accept as true... unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

*v. Hewitt Assocs., LLC*, 487 F.3d 139, 144 (3d Cir. 2007). Hollowell details in his Complaint upwards of ten instances where, through retained counsel, he requested plan documents from Defendants. (Doc. #1, ¶¶ 284-96). Congress did not intend, however, that ERISA § 104(b)(4) be all-encompassing, rather the statute identifies very specific categories of documents that administrators must disclose. 29 U.S.C. § 1024(b)(4); *see Bd. of Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein*, 107 F.3d 139, 147 (2d Cir. 1997). To determine what documents are actually required, courts have been forced to interpret the statute's use of the term "other instruments." 29 U.S.C. § 1024(b)(4). The Sixth Circuit has held the term "other instruments" is "properly limited to those class of documents which provide a plan participant with information concerning how the plan is *operated.*" *Allinder v. Inter-City Products Corp. (USA)*, 152 F.3d 544, 549 (6th Cir. 1998). The statute, however, does not require disclosure of technical data, such as the data contained in actuarial reports or information contained in claim forms. *Weinstein*, 107 F.3d at 143; *Allinder*, 152 F.3d at 549.

Based on the Sixth Circuit's interpretation of "other instruments," many of Plaintiff's requests do not actually state a claim upon which relief may be granted. For instance, on December 7, 2007, Plaintiff's counsel requested a copy of "all worksheets and correspondence used to calculate Plaintiff's benefits under the plans." (Doc. #1, ¶ 286). This request likely falls outside the ambit of 29 U.S.C. § 1024(b)(4). *See Weinstein*, 107 F.3d at 145 (production of actuarial valuation reports is not required under ERISA § 104(b)(4)); *Biello v. JP Morgan Chase Ret. Plan*, 649 F. Supp. 2d 142, 169 (S.D.N.Y. 2009) (plaintiff failed to state a claim based on failure to disclose calculation worksheets as it was not a formal document governing the plan). Furthermore, to the extent Plaintiff requests

11

documents prior to 2004, Plaintiff fails to state a claim for relief. ERISA's document retention statute requires plan sponsors to maintain records of plan documents for a period of six years from the date of the annual report filing:

> Every person subject to a requirement to file any report or certify any information...shall maintain records on the matters of which disclosure is required...for a period of not less than six years after the filing date of the documents based on the information which they contain, or six years after the date on which such documents would have been filed but for an exemption or simplified reporting requirement under section 1024(a)(2) or (3) of this title.

29 U.S.C. § 1027. Defendants therefore are responsible only for maintaining plan documents pertinent to the current plan for a period of six years. Any document filed prior to 2004 is not a document CVC, as plan sponsor, is required to maintain. Therefore, any claims regarding non-disclosure of plan documents prior to that date is not actionable. That Plaintiff has received documents dating as far back as 1979 is a credit to Defendants' compliance with Plaintiff's discovery requests, but the Court does not recognize–and Plaintiff does not address–how Defendants may be held liable for failing to produce information they were not required to maintain.

Moreover, the Court finds significant that imposition of a statutory penalty under ERISA § 502(c)(1), is purely discretionary. 29 U.S.C. § 1132(c)(1)(B) (a plan administrator who fails to comply with a participant's request for information "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper"). In light of Defendants' compliance with the statute, the Court finds the imposition of damages under 29 U.S.C. § 1132(c)(1) wholly inappropriate.

In Count V of his Complaint, Plaintiff asserts that Defendants violated 29 C.F.R.

2520.102-3(1) in "failing to distribute Summary Plan Descriptions for each of the plans under which they participated which disclosed the circumstances that may result in disqualification, denial, loss, or forfeiture of any benefits offered by the plan." (Doc. #1, ¶ 324). Plaintiff further alleges that Defendants violated 29 C.F.R. 2520.102-2(a) in failing to include disclosures "in a manner reasonably calculated to be understood by the average plan participant." (Doc. #1, ¶ 325). In seeking to dismiss this claim, Defendants contend that in his Complaint, Plaintiff admits receipt of SPDs relevant to the current 401(k) Plan, including the latest SPD issued. Further, Defendants argue that Plaintiff fails to identify which SPDs he failed to receive, if any.

ERISA requires that an administrator furnish an updated summary plan description to each participant and beneficiary receiving benefits under the plan every fifth year. 29 U.S.C. § 1024(b)(1)(B). If the plan has not undergone any amendments during that five-year period, the administrator is only required to furnish the SPD every ten years. *Id.* at (b)(1). ERISA requires only that a plan administrator produce the most recent version of the SPD, plan document, or "other instruments under which the plan is established or operated." *Id.* at (b)(4).

Defendants correctly assert that Plaintiff, in the factual section of his own Complaint, admits receipt of SPDs in 1990, 1994, and 2002. (Doc. #1, ¶¶ 30-42, 102-03). At oral argument, Plaintiff's counsel acknowledged that Plaintiff received the 2002 SPD for the 401(k) Plan. By its own terms the statute requires disclosure only of the most recent SPD. 29 U.S.C. § 1024(b)(4); *see Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 84 (1995) (plan administrators are not required to disclose any SPDs besides the "latest updated summary plan description."); *Hughes v. K-Mart Corp.*, 983 F.2d 1066, 1993 WL

11830, at *10 (6th Cir. 1993) (ERISA does not mandate a plan sponsor or administrator to furnish reports other than the most recent reports); *see also Staib v. Vaugh Indus., Inc.*, 171 F. Supp. 2d 714, 716 (N.D. Ohio 2001). Accordingly, as it relates to *distribution* of the latest SPD, Plaintiff fails to state a claim.[6]

ERISA § 102 also directs plan administrators to provide all participants and beneficiaries with a summary plan description that is "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a). ERISA § 102(b) lists specific information that must be included in every summary plan description. For instance, an SPD must contain a description of "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." ERISA § 102(b). The Department of Labor Regulations require that "descriptions of exceptions, limitations, reductions, and other restrictions of plan benefits shall not be minimized, rendered obscure or otherwise made to appear unimportant." 29 C.F.R. § 2420.102-2(b). The regulations further prohibit the inclusion of any "misleading" statements or statements that could be construed as "misinformation" within SPDs distributed to plan participants and beneficiaries. 29 C.F.R. § 2420.102-2(b).

To the extent Plaintiff is attempting to allege a violation of the statute on the basis that CVC's SPDs failed to disclose the "circumstances that may result in disqualification, denial, loss, or forfeiture" he does not make this distinction clear in his Complaint. Regardless, Plaintiff fails to identify in what manner any of CVC's SPDs failed to disclose

---

[6]The Court notes that during oral argument Plaintiff's counsel argued Count V states a claim in light of Defendants' failure to distribute a summary plan description for "Plan 003." As previously discussed, absent credible evidence to the contrary, this Court accepts Defendants' representation that CVC sponsored only two retirement plans in its history: (1) the defined benefit plan in existence from 1971-1990, and (2) the current 401(k) Plan. Put simply, Plaintiff does not state a claim for failure to produce documents not in existence.

circumstances that could result in disqualification, denial, loss, etc. As such, Plaintiff fails

to plead sufficient factual allegations to put Defendants on notice of the *actual* claim

asserted. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191-92 (2d Cir. 2007)

(affirmed district court's dismissal of ERISA § 102 claim after plaintiffs argued SPD was

inadequate in failing to include the actuarial assumptions applied to early retirement

benefits); *Richards v. FleetBoston Fin. Corp.*, No. 3:04-cv-1638, 2006 WL 2092086, at *9

(D. Conn. July 24, 2006) (motion to dismiss granted with respect to ERISA § 102 claim

where plaintiffs alleged SPD was inadequate because it failed to articulate the rate of

benefit accrual).

Courts dismissing ERISA § 102 claims at the 12(b)(6) stage have done so after the

plaintiff has first identified *which* SPD fails to meet the disclosure standard under the statute

and in *what* manner the SPD was deficient. Here, Plaintiff does neither. His Complaint is

wholly deficient to state a claim in that it makes only the bald assertion that CVC's SPDs

failed to comply with ERISA without further identifying which SPD failed to comply with the

statute, and then supporting his allegations with the barest of factual allegations to explain

in what manner the SPD was deficient.

Similarly, Plaintiff fails to identify what language contained in CVC's SPDs is not

reasonably calculated to be understood by the average plan participant. Although there

is very little case law on this particular issue–Sixth Circuit or otherwise–in the cases that

address ERISA § 102 and the reasonableness of a plan description at the 12(b)(6) stage,

the plaintiff always identifies in what manner the SPD was unclear or how the SPD failed

to properly alert an average participant of its meaning. *See Osberg v. Foot Locker, Inc.*,

656 F. Supp. 2d 361, 374 (S.D.N.Y. 2009) (ERISA § 102 claim survived motion to dismiss

where SPD disclosed that initial account balances would be calculated based on a 9% discount rate. The court held that the information concerning the discount rate could "hardly be expected to be meaningful and understood by the average plan participant without further explanation."); *Winnett v. Caterpillar, Inc.*, 496 F. Supp. 2d 904, 928-29 (M.D. Tenn. 2007), *reversed on other grounds by Winnett v. Caterpillar, Inc.*, 553 F.3d 1000 (6th Cir. 2009) (ERISA § 102 claim survived motion to dismiss where Defendant failed to issue a revised SPD after an amendment to its health benefits plan); *Register v. PNC Fin. Servs. Group, Inc.*, No. 04-cv-6097, 2005 WL 3120268, at *9 (E.D. Pa. Nov. 21, 2005) (court dismissed ERISA § 102 claim where plaintiffs alleged the SPD failed to disclose "that plan participants' rate of future benefit accruals was being reduced as a function of getting older" and argued it was therefore not reasonably calculated to be understood by the average plan participant. Court held while the SPD did not disclose that information, "it accurately outline[d] how benefit accrual works."). Accordingly, Plaintiff's failure to plead any factual allegations whatsoever with respect to *which* SPDs contain deficiencies and *what* those deficiencies are, is insufficient to meet even the minimum threshold of the liberal pleading standard under Rule 8.

While it may prove informative for Plaintiff to obtain all documents requested, ERISA does not mandate disclosure of all documents that might be useful to a plan participant. Rather, it requires disclosure only of that "class of documents which provide a plan participant with information concerning how the plan is *operated*." *Allinder*, 152 F.3d at 549. Plaintiff does not state a claim for relief simply because he desires more documents than Defendants provided. Although production of all relevant plan documents may be *useful*, disclosure of documents outside the ambit of ERISA § 104(b)(4) is not required. 29

U.S.C. § 1024(b)(4); *see also* 29 U.S.C. § 1027.  Defendants' motion to dismiss Counts II and V for failure to produce plan documents is hereby granted.

### 3.    Count III

In Count III of his Complaint, Plaintiff alleges CVC "adopted several amendments which reduced the benefits of participants by removing them as eligible participants and forcing forfeiture of benefits which had already vested" in violation of ERISA's anti-cutback provision under 29 U.S.C. § 1054(g) and I.R.C. § 411(d)(6).  (Doc. #1, ¶ 303-04). Defendants counter that: (1) Plaintiff does not state with sufficient particularity which amendments produced the alleged illegal forfeiture; (2) to the extent Plaintiff is referring to amendments to the defined benefit plan that was terminated in 1990, any such claim is barred by the statute of limitations articulated in 29 U.S.C. § 1113(1)-(2); and (3) to the extent Plaintiff is referring to the current 401(k) Plan, Plaintiff has failed to exhaust his administrative remedies.  Because the Court agrees with Defendants that Plaintiff fails to allege facts sufficient to raise a "right to relief beyond the speculative level," the Court need not address Defendants' exhaustion and statute of limitations arguments regarding Count III.  *Twombly*, 550 U.S. at 555.

Pursuant to ERISA § 204(g), 29 U.S.C. § 1054(g)(1), "[t]he accrued benefit of a participant under a plan may not be decreased by an amendment of the plan," which is commonly referred to as ERISA's anti-cutback rule.  To state a valid claim under ERISA § 204(g), a plaintiff must generally establish: (1) a plan amendment; and (2) a reduction in accrued benefits.  *Dooley v. Am. Airlines*, *Inc.*, 797 F.2d 1447, 1451 (7th Cir. 1986). Plaintiff, however, does little more than enumerate the elements of ERISA's anti-cutback statute in pleading his claim.  Plaintiff quite literally recites the general provisions of the anti-

cutback statute under ERISA, but in pleading his claim makes only empty assertions that "amendments were adopted which reduced vested benefits." (Doc. #1, ¶ 303). Plaintiff fails to identify–anywhere in his Complaint–*what* amendments impermissibly reduced his benefits, nor does he identify *which* benefits were reduced, whether the benefits reduced were actually *accrued benefits*, and in what manner they were reduced. When specifically asked at oral argument, counsel was again unable to articulate which benefits were reduced and in what manner they were reduced. Instead when asked, Plaintiff's counsel responded with a question: "the question is, if any amendments happened in [1994 and 2005], did any of those amendments result in the retroactive reduction of accrued benefits?"

The Court agrees with Defendants that Plaintiff's *questions* regarding whether benefits were impermissibly reduced, and whether the benefits reduced were actually accrued benefits, does not state a cause of action. "Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Twombly*, 550 U.S. at 555). Nothing in Plaintiff's Complaint even intimates which of his benefits were affected by CVC's plan amendments and in what manner they were affected, absent bald assertions that reductions occurred. Just saying that he suffered an impermissible loss, doesn't make it so. As the Sixth Circuit has made clear, factual allegations masquerading as mere legal conclusions will not survive the pleading standard under Rule 8. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *see also Twombly*, 550 U.S. at 555.

Moreover, even if this Court were to accept that Plaintiff's Complaint as pled survives *Twombly*–which it does not–the facts alleged in Count III fail to implicate application of ERISA's anti-cutback provision under § 204(g). The anti-cutback rule protects only accrued benefits from reduction or elimination by plan amendment. 29 U.S.C. § 1054(g)(1); *Thorton v. Graphic Commc'ns Conference of Int'l Bhd. of Teamsters*, 566 F.3d 597, 601-02 (6th Cir. 2009). ERISA defines an "accrued benefit" as "the individual's accrued benefit determined under the plan and...expressed in the form of an annual benefit commencing at normal retirement age." 29 U.S.C. § 1002(23)(A). Reduction or elimination of these accrued benefits through plan amendment gives rise to a claim for violation of ERISA § 204(g). 29 U.S.C. § 1054(g); I.R.C. § 411(d)(6).

According to the Supreme Court, benefit accrual is "the rate at which an employee earns benefits to put in his pension account," while benefit vesting refers to the point at which a participant's pension rights become nonforfeitable "by virtue of his having fulfilled age and length of service requirements." *Cent. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 749 (2004). Accrual provisions establish a formula or methodology for calculating the amount of the normal retirement benefit that an employee has earned whether vested or not. *Hoover v. Cumberland, Md. Area Teamsters*, 756 F.2d 977, 983-84 (3d Cir. 1985). A participant becomes fully vested once he has obtained a nonforfeitable right to the entirety of his accrued benefit. Stated differently, "benefit accrual affects the size of the pension, while benefit vesting determines whether a pension will be paid at all." *Gilley*, 490 F.3d at 858.

What Plaintiff seems to be asserting in Count III is that CVC caused an unlawful forfeiture of his vested benefits when it terminated the defined benefit plan in 1990 such

that Plaintiff was no longer eligible to participate in that plan. If this is correct, Plaintiff makes an argument of illegal forfeiture based not on amendment to the defined benefit plan. Plaintiff's counsel conceded at oral argument that Plaintiff was seeking redress for an alleged forfeiture of vested benefits, rather than contesting an amendment that changed the rate at which Plaintiff's benefits accrued resulting in a subsequent reduction or elimination. The anti-cutback provision prohibits adoption of a *plan amendment* that has the effect of "eliminating or reducing an early retirement benefit" that was earned by service before the amendment was passed. *Cent. Laborers' Pension Fund*, 541 U.S. at 744. ERISA's anti-cutback provision is not triggered via termination of a prior plan and its subsequent failure to pay vested benefits. To the extent Plaintiff seeks to state a claim based on termination of the plan, rather than amendment, ERISA § 204(g) is not implicated.

Moreover, to the extent Plaintiff might be alleging that an amendment impermissibly reduced or eliminated his accrued benefits under the 401(k) Plan, Plaintiff failed to identify what benefits were impermissibly reduced (i.e. whether those benefits were accrued benefits), and in what manner the amendment worked a reduction of accrued benefits. *See Hoover*, 756 F.2d at 981 (ERISA § 204(g) violation where Defendants adopted an amendment changing the method of calculating partial pension benefits under reciprocal agreements, which reduced accrued benefits). In his Complaint, Plaintiff asserts Defendants adopted amendments that "reduced the benefits of participants by removing them as eligible participants and forcing forfeiture of benefits which had already vested." (Doc. #1, ¶ 303-04). Yet, the two possible plan amendments Plaintiff's counsel identified at oral argument–one in 1994 and one in 2005–did not "remove" Plaintiff from participating

in the 401(k) Plan. Both the Complaint and the plan documents make clear that Plaintiff remained a participant in the 401(k) Plan after those amendments were adopted until the end of December 2006. The fact that Plaintiff identifies formal plan amendments "unrelated to the basis of [his] argument does not save [his] § 204(g) claim." *Thompson v. Ret. Plan for Employees of S.C.*, Nos. 07-cv-1047, 08-cv-0245, 2009 WL 3245506, at *5 (E.D. Wis. Oct. 2, 2009) (court dismissed plaintiffs' ERISA § 204(g) claim for failure to adequately plead either a formal plan amendment or an "exercise of discretion" *related to* the basis of the their anti-cutback claim) (emphasis added).

Defendants also ask this Court to dismiss Plaintiff's claims under ERISA § 204(h),[7] which requires pension plans to provide notice to all plan participants when an amendment to the plan will result in a significant reduction to accrued benefits. 29 U.S.C. § 1054(h). Again, Plaintiff merely asserts that Defendants failed to provide notification of an amendment that would reduce accrued benefits in violation of ERISA § 204(h), however, Plaintiff's counsel made clear at oral argument with her repeated questions that she does not know if any reduction actually occurred due to amendment, what amendment caused the reduction, and in what manner benefit accrual was affected. Simply put, that notification was even required is simply not plausible. This Court refuses to allow Plaintiff to "conduct a fishing expedition in order to find a cause of action." *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006). Accordingly, Defendants motion to dismiss is granted as to Count III of Plaintiff's Complaint.

_____

[7]Plaintiff alleges that in failing to provide notice of "the significant reductions in the benefits at least 15 days before the amendments' effective date" Defendants violated ERISA § 204(h), 29 U.S.C. § 1054(h), which requires adoption of amendment precede notice and that notice of reduction precede implementation by at least 15 days. (Doc. #1, ¶ 304).

### 4. Counts IV & VI

In Counts IV and VI, Plaintiff asserts that Defendants breached their fiduciary duty under ERISA. Specifically, Plaintiff makes the following allegations: Defendants (1) "failed to comply with the requirements of Code Section 401(m)" (Doc. #1, ¶ 315); (2) "failed to maintain the retirement trust for the exclusive benefit of the employees and their beneficiaries" (Doc. #1, ¶ 316); (3) "failed...in their duty to manage the assets of the Plans prudently, loyally, and in the best interest of the Plan" (Doc. #1, ¶ 317); (4) "failure to disclose and its deceptive or uninformative disclosures to Plan participants and beneficiaries does not comply with [] fiduciary duties to keep trust beneficiaries fully informed" (Doc. #1, ¶ 320); (5) "misrepresented the nature of [CVC's ERISA-based] plans to participants" (Doc. #1, ¶ 321); (6) "discriminated in favor of highly compensated employees" (Doc. #1, ¶ 322); and (7) "violated ERISA's prohibitions on certain transactions involving plan assets" under ERISA § 406 (Doc. #1, ¶ 331). Defendants argue Plaintiff has merely recited sections of ERISA's breach of fiduciary duty statute unsupported by any actual factual allegations. Without more, Defendants contend Plaintiff has failed to state a claim upon which relief may be granted in spite of the liberal pleading standards of Rule 8.

### a. Statute of Limitations Under ERISA § 413

As a preliminary matter, breach of fiduciary duty claims under ERISA are subject to the limitations period articulated in ERISA § 413. 29 U.S.C. § 1113; *Med. Mut. of Ohio v. Amalia Enters. Inc.*, 548 F.3d 383, 391 n.5 (2008) ("[t]he statute of limitations provided by 29 U.S.C. § 1113 applies only to suits brought to redress a fiduciary's breach of his

responsibilities, duties, or obligations under ERISA"). Under the statute, a breach of fiduciary claim must be brought after the earlier of:

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or

> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

In other words, the victim of an alleged breach of fiduciary duty normally has six years to bring his claim, though, "this period may be shortened to three years when the victim had actual knowledge of the breach or violation." *Zirnhelt v. Mich. Consol. Gas Co.*, 526 F.3d 282, 288 (6th Cir. 2008) (quoting *Wright v. Heyne*, 349 F.3d 321, 327 (6th Cir. 2003)). CVC's defined benefit plan was terminated approximately twenty years ago in 1990. Therefore, any action constituting a breach with respect to that plan had to be brought before 1997, assuming the three-year limitations period in subsection (2) and the fraud/concealment exception ("fraud exception") are both inapplicable. While it is arguable whether the three-year limitations period applies in this case, Plaintiff's breach of fiduciary claim respecting the defined benefit plan is still barred under either a six or three year limitations period.

Under 29 U.S.C. § 1113(a)(2), a claim for breach accrues when the claimant has knowledge of the facts constituting the breach. *Ternes v. Tern-Fam, Inc.*, 904 F.2d 708, 1990 WL 80915, at *4 (6th Cir. 1990). Plaintiff alleges in his Complaint, and counsel made clear at oral argument, the conduct constituting a breach of fiduciary duty occurred when

Plaintiff received notice in 1990 that he was entitled to a distribution of his vested benefits after the defined benefit plan terminated. Plaintiff alleges he never received the distribution nor were the benefits ever rolled over to his existing account under the 401(k) Plan. In alleging that his vested benefits under the defined benefit plan were never rolled over, Plaintiff points to the Statement of Account for 1990, which he contends shows a rollover amount of $0.00.[8]  Thus, Plaintiff knew upon receipt of that statement that he never received a distribution or rollover. Accordingly, a claim for breach accrued at that time and expired three years thereafter. *Wright*, 349 F.3d at 331 ("to trigger the running of the statute of limitations under Section 413(2) of ERISA, 29 U.S.C. § 1113(2), it is only the plaintiff's actual knowledge of the underlying conduct giving rise to the alleged violation that is required, rather than the knowledge that the underlying conduct violates ERISA"). Under either the six-year limitations period or the three-year limitations period, Plaintiff's claim for breach falls well-outside ERISA's statute of limitations.

While the fraud exception articulated in 29 U.S.C. § 1113 tolls the statute of limitations in situations where a fiduciary has attempted to hide the alleged breach from the party commencing the action, the fraud exception is inapplicable here. *Watson v. Rentenbach Eng'g*, No. 3:09-cv-150, 2009 WL 3784960, at *4 n.4 (W.D. Tenn. Nov. 10, 2009). To warrant application, a complaint must allege affirmative steps taken by the Defendants to prevent a plaintiff from discovering the alleged breach. *Ranke*, 436 F.3d at

---

[8]Plaintiff's representation concerning the 1990 Statement of Account is inconsistent with the actual plan document. The 1990 Statement of Account shows an *opening account balance* of $0.00, but does not show a *rollover amount* of $0.00. The 1990 "account statement" appears to be an abbreviated version of CVC's standard statement of account as it does not include a rollover amount. All other account statements, including an account statement from 1994, indicate a rollover account amount of approximately $1500.00, increasing annually based on interest.

204.  The Third Circuit in *Ranke* rejected the plaintiffs' assertion that "because discovery may reveal [defendants] engaged in fraud or concealment, dismissal of the complaint was premature." *Id.* (internal quotations omitted).  The court further admonished "[t]o the extent that any misleading communication did occur, or was believed to have occurred, it should have been pled in the complaint," and refused to disturb the district court's dismissal only to allow plaintiffs to "conduct a fishing expedition in order *to find a cause of action.*"  *Id.* (emphasis added).

     In his Response, Plaintiff asserts the fraud exception applies because CVC falsely represented to the Pension Benefit Guaranty Corporation ("PBGC") that the benefits from the defined benefit plan were "distributed to the participants when they in fact were allegedly rolled into the defined contribution plan," and further that CVC represented there was no other plan in effect on the date of distribution, and the company did not "provide participants the rollover distributions."  The Complaint alleges that CVC "falsely reported" on its 1994 annual report that it did "not maintain any other qualified pension plans,"  (Doc. #1, ¶ 125), that "Plaintiff never received a distribution" from CVC's defined benefit plan (Doc. #1, ¶ 78), and that CVC would distribute a monthly annuity to Plaintiff at the age of sixty-five (Doc. #1, ¶ 67): these allegations, however, do not amount to allegations of affirmative steps taken by CVC to conceal its breach.  *Contra see In re Unisys Corp. Retiree Medical Benefit "ERISA" Litig.*, 242 F.3d 497, 505 (3d Cir. 2001) (court concluded that a fiduciary's act of responding to questions in a manner that diverted the beneficiary from discovering a prior misrepresentation could trigger application of the fraud exception.).  If Plaintiff never received a distribution after notice that he would receive one, asserting this

right 20 years later is not actionable.[9]  Nothing in the Complaint intimates that Defendants

took affirmative steps to conceal this alleged "breach."  To the contrary, Plaintiff asserts that

Defendants actually *notified* him that he would receive a distribution, which Plaintiff alleges

did not occur.  The fraud exception to the limitations period for breach of fiduciary duty will

not be used to remedy Plaintiff's decision not to investigate–at the time–why he allegedly

never received a distribution or rollover after the termination of his pension plan. The Court

rejects Plaintiff's assertion that the fraud exception to ERISA's statute of limitations is

applicable in this case.

### b.    Breach of Fiduciary Duty Under ERISA § 409

ERISA § 404(a)(1) sets forth the primary duties of an ERISA fiduciary, providing that

a fiduciary must: (1) act solely in the interest of plan participants and beneficiaries for the

exclusive purpose of providing benefits to participants and their beneficiaries; (2) act with

the care, skill, prudence, and diligence under the circumstances then prevailing that a

prudent person acting in like capacity and familiar with such matters would use in the

conduct of an enterprise of like character and with like aims; (3) diversify the investments

of a plan so as to minimize the risk of large losses; and (4) act in accordance with the

documents and instruments governing the plan insofar as they are consistent with the

provisions of Titles I and IV of ERISA.  29 U.S.C. § 1104.  A fiduciary may be personally

liable for, and removed as a fiduciary as a result of, any breaches of the responsibilities,

obligations, and duties imposed by the statute while acting as a fiduciary under ERISA.

---

[9]Moreover, the Court finds it interesting that by Plaintiff's own admission the alleged distribution he
was set to receive after the defined benefit plan's termination was to begin at age sixty-five in the form of an
annuity.  (Doc. #1, ¶ 67).  Plaintiff being in his mid-thirties at the time the defined benefit plan was terminated,
it seems obvious why Plaintiff did not receive a distribution at that time and subsequent account statements
instead show a rollover amount .

ERISA § 409.  29 U.S.C. § 1109.  Generally, to state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that: (1) the defendant was a fiduciary of an ERISA plan who, (2) acting within his capacity as a fiduciary, (3) engaged in conduct constituting a breach of his fiduciary duty.  *Id.*

To begin, Plaintiff alleges that Defendants failed to comply with the provisions of Code Section 401(m) and is apparently alleging that a violation of the Internal Revenue Code ("IRC") equates to a violation of ERISA.  Title I of ERISA was adopted to create substantive legal protections relating to employee pension plans while Title II of the statute amended the IRC such that a plan's receipt of favorable tax treatment was conditioned upon compliance with numerous requirements under Title I of ERISA.  *Cent. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 746 (2004).  Consequently, many of ERISA's substantive protections have "nearly verbatim replication" in the IRC.  *Id.*  Not surprisingly, however, Plaintiff fails to identify which parallel section of ERISA contains the requirements set out in IRC § 401(m), as no such section exists.[10]

Internal Revenue Code section 401(m) articulates a nondiscrimination test for those plans that allow matching contributions and employee contributions.  The purpose of the test is to ensure that benefits provided to highly compensated employees are proportional to benefits provided to non-highly compensated employees.  Even if Defendants had failed to comply with IRC § 401(m), the logical consequence of Defendants' failure would be loss of the plan's favorable tax status. Violations of IRC sections do not, standing alone, create substantive statutory rights.  A violation of the Internal Revenue Code does not effectively

---

[10]Throughout most of his Complaint, Plaintiff refers to I.R.C. § 401(m) as ERISA § 401(m), however, ERISA does not contain a § 401(m).

amount to a breach of fiduciary duty under a ERISA, or a separate private right of action under ERISA. *See Stamper v. Total Petroleum, Inc. Ret. Plan*, 188 F.3d 1233, 1237-39 (10th Cir. 1999); *Reklau v. Merch. Nat'l Corp.*, 808 F.2d 628, 631 (7th Cir. 1986) ("There is no basis, under...ERISA, to find that the provisions of § 401–which relate solely to the criteria for tax qualification under the Internal Revenue Code–are imposed on pension plans by the substantive terms of ERISA. We are convinced that had Congress intended that § 401 of the I.R.C. be applicable to ERISA, it would have so stated in clear and unambiguous language as it did in 29 U.S.C. § 1202(c) with §§ 410(a), 411 and 412 of the I.R.C."); *see also West v. Clarke Murphy Jr. Self Employed Pension Plan*, 99 F.3d 166, 169 (4th Cir. 1996) (discussing *Reklau* with approval and observing that § 401 of the Internal Revenue Code does not modify ERISA). Even if Plaintiff could point to precedent pronouncing an individual's private right of action for a violation of IRC § 401(m), he has not pled facts sufficient for a fiduciary breach claim to lie. Plaintiff has merely stated, in conclusory fashion, that Defendants failed to comply with section 401(m) but does not state in what manner or to what extent Defendants did not comply with that section.

Plaintiff next alleges that Defendants failed to maintain the retirement trust for the exclusive benefit of the employees and their beneficiaries, and failed to manage the assets of the plan(s) prudently, loyally, and in the best interest of the plan participants. Plaintiff does little more than cite verbatim the "liability for breach" statute under ERISA and then states, without the benefit of any supporting factual allegations, that Defendants breached their fiduciary duty. The Sixth Circuit, in *Tullis v. UMB Bank*, 515 F.3d 673 (6th Cir. 2008), reversed a district court's dismissal of a breach of fiduciary duty claim for failure to state a claim, finding that to state a claim for overall loss to the plan a plaintiff need only assert that

28

the value of the ERISA plans diminished due to the defendants' actions, "to do otherwise would elevate form over substance." *Id.* at 680. *Tullis*, however, is distinguishable from the instant action.

The district court for the Northern District of Ohio dismissed with prejudice the plaintiffs' claims for breach of fiduciary duty because plaintiffs alleged individual damages rather than specific loss to the plan. *Tullis v. UMB Bank*, 464 F. Supp. 2d 725, 732 (N.D. Ohio 2006). In reversing the district court, the Sixth Circuit found it implicit in the complaint that plaintiffs were seeking recovery on behalf of their plan and that their "failure to state a claim in a *specific manner* [was] not fatal." *Id.* at 681. However, in stating their claim for breach of fiduciary duty, the plaintiffs claimed recovery for losses from a bank that allegedly failed to notify them of fraudulent activities affecting their ERISA-governed pension plans. Specifically, some of the bank's brokers were fraudulently investing. Although the bank was aware of their activities, it failed to notify plan participants even after the bank itself sued the brokers for improper investment. *Id.* at 727.

In stark contrast to the plaintiffs in *Tullis*, Plaintiff here does not allege in what manner the plan fiduciaries failed to maintain the plan trust for the participants' exclusive benefit, Plaintiff simply states that it happened. Plaintiff makes tangential references to possible losses in accrued benefits, but the very nature of a pension plan's investments ebb and flow from year to year, just as any investment does: a loss in itself does not create a plausible right to relief. *See In re Huntington Bancshares Inc. ERISA Litig.*, 620 F. Supp. 2d 842, 849 n.6 (S.D. Ohio 2009) (citing *Twombly*, district court dismissed breach of the duty of prudence and loyalty under ERISA where Plaintiff's merely stated that Defendants, as plan fiduciaries, had a conflict of interest to the extent they were compensated by

company stock: "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Defendants are therefore entitled to dismissal on Plaintiff's breach of fiduciary claim as it relates to overall plan loss and a breach of the duties of loyalty and prudence.

Consistent with a fiduciary's duties of loyalty and prudence, it is well-settled that a fiduciary may not materially mislead those to whom such duties are owed. *In re Cardinal Health*, 424 F. Supp. 2d at 1043. A fiduciary has a duty to convey complete and accurate information to participants and beneficiaries. *James v. Pierelli Armstrong Tire Co.*, 305 F.3d 439, 452 (6th Cir. 2002), *cert. denied*, 538 U.S. 1033 (2003). To state a claim based on alleged misrepresentations, a plaintiff must show that: (1) defendant was acting in a fiduciary capacity; (2) the statements constituted material misrepresentations; and (3) plaintiff relied on them to his detriment. *Id.* at 449. The fiduciary duty under ERISA encompasses both a "negative duty not to misinform, [and] also an affirmative duty to inform when the trustee knows that silence might be harmful." *Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542, 548 (6th Cir. 1999) (internal quotations omitted).

In the instant action Plaintiff merely alleges that Defendants "misrepresented the nature of [its ERISA-based] plans to participants" and further breached its duty through "deceptive *or* uninformative disclosures to Plan participants and beneficiaries" (emphasis added). Defendants again respond that Plaintiff has failed to support his wholly conclusory allegations. Defendants' argument is well-taken.

In *Taylor v. KeyCorp*, 678 F. Supp. 2d 633 (N.D. Ohio 2009), the plaintiffs brought a breach of fiduciary duty claim based on an alleged misrepresentation. Defendants

argued that Plaintiffs failed to "identify a single material fact that [was] misrepresented or concealed." *Id.* at 642. In denying Defendants' motion to dismiss, the court stated "[w]hile Plaintiffs' allegations are long on conclusion and relatively light on specific allegations of fact, the Consolidated Complaint does identify the *types of facts that Plaintiffs allege* that Defendants failed to disclose or misrepresented." *Id.* (emphasis added). Specifically, the plaintiffs alleged defendants breached their fiduciary duty by misrepresenting the soundness of the company's financial health and the prudence of investing retirement contributions in company stock. *Id.*

Contrary to the plaintiffs in *KeyCorp*, Plaintiff in this case failed to identify a single material fact or even the *type* of fact allegedly misrepresented to participants. Instead, the first eight paragraphs of Plaintiff's breach of fiduciary duty count simply recite various sections of the ERISA statute pertinent to breach of fiduciary duty and proceed to assert that Defendants misrepresented the nature of the plans to Plaintiff, amounting only to a legal conclusion wholly unsupported by even the barest factual allegations. *See In re Huntington Bancshares*, 620 F. Supp. 2d at 842 (court dismissed plaintiffs' ERISA breach of fiduciary duty claims based on misrepresentation as plaintiffs merely set forth the appropriate labels and conclusions in their amended complaint which amounted to a mere recitation of the elements of a breach of fiduciary duty cause of action).

Furthermore, with respect to Plaintiff's allegation of "deceitful or uninformative disclosures," Plaintiff does not articulate any disclosures that were deceitful or uninformative. In his response, however, Plaintiff states that "CVC and Kevin Martin failed to provide complete and accurate information....[specifically, Plaintiff] did not receive any annual reports after 1995." (Doc. #8, at 22). However, Plaintiff admits in his Complaint that

"[o]n December 7, 2007 , [he] was provided with Form 5500's [annual reports] for 2006 and 2007 for the 401(k) Profit Sharing Plan." (Doc. #1, ¶ 287). Plaintiff does not state a claim for non-disclosure simply because he desires production of every annual report since 1995. By its own terms, ERISA only requires that plan administrators provide the "latest annual report" to participants upon their written request. 29 U.S.C. § 1024(b)(4). Accordingly, Plaintiff's breach of fiduciary duty claim based on misrepresentation and deceptive disclosures is dismissed.

Defendants are therefore entitled to dismissal on Count IV as claims related to the pre-1990 defined benefit plan are barred by the statute of limitations, and those related to the 401(k) Plain fail to state a claim upon which relief may be granted.

### c.     Breach of Fiduciary Duty Under ERISA § 406

In Count VI, Plaintiff raises another breach of fiduciary duty claim under the prohibited transaction rules of ERISA § 406. Prohibited transactions under § 406 fall into two categories: subsection (a) prohibits a plan fiduciary from causing a plan to engage in any of five different kinds of transactions with a party in interest, and subsection (b) prohibits acts of self-dealing by a plan fiduciary and any other acts that implicate a conflict of interest in a transaction involving the plan or its assets. 29 U.S.C. § 1106(a) & (b).[11] The aim of the prohibited transaction rules is to "prohibit transactions that would clearly injure the plan" and "to prevent employee benefit plans from engaging in transactions that would benefit parties in interest at the expense of plan participants and their beneficiaries." *See*

---

[11]ERISA not only prohibits fiduciaries, but also parties in interest and non-fiduciaries from engaging in certain transactions, unless there is an exemption that permits the transaction. 29 U.S.C. § 1106; *see Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir. 1988).

*Chao v. Hall Holding Co.*, 285 F.3d 415, 425 (6th Cir. 2000). Seeking dismissal of Plaintiff's § 406 claim, Defendants make two arguments: (1) claims relating to CVC's defined benefit plan terminated in 1990 fall outside the applicable statute of limitations;[12] and (2) claims relating to the 401(k) Plan are barred because Plaintiff failed to exhaust his administrative remedies prior to filing suit. The Court need not address either argument given that Plaintiff's § 406 claim cannot survive 12(b)(6) scrutiny.

Plaintiff has failed to plead facts sufficient to survive a motion to dismiss. Plaintiff's claim amounts simply to the factual allegation that Defendants were, at all relevant times, ERISA fiduciaries who invested assets in the Plan and the legal conclusion that Defendants "violated ERISA's prohibitions on certain transactions involving plan assets." (Doc. #1, ¶ 331). This lone statement is the extent of Plaintiff's pleading relevant to ERISA § 406. He does not even attempt to identify the conduct or type of conduct plan fiduciaries engaged in that was allegedly prohibited under the statute. *Contra Guardsmark, Inc. v. Blue Cross & Blue Shield of Tenn.*, 169 F. Supp. 2d 794, 803-04 (W.D. Tenn. 2001) (plaintiffs survived motion to dismiss and stated claim under ERISA § 406 where the complaint alleged that a plan fiduciary overcharged for administrative and run-out fees and wrongfully overpaid claims that resulted in unreasonable compensation for the Defendant fiduciary). Plaintiff's pleading is wholly deficient and fails–in any way–to put the Defendants on notice of the type of prohibited transaction or self-dealing complained of. Because legal conclusions may not form the basis of a complaint, Defendants' motion to dismiss is granted as to Count VI of

---

[12]For the reasons previously discussed as to Count IV, claims related to the pre-1990 plan are barred by the limitations period articulated in 29 U.S.C. § 1113, for breach of fiduciary duty. *See Ternes v. Tern-Fam Inc.*, 904 F.2d 708, 1990 WL 80915, at *4 (6th Cir. 1991).

the Complaint.

### C.    Non-ERISA Claims – Counts VII-IX

In addition to his ERISA-based claims, Plaintiff alleges discrimination on the basis of age under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626, *et seq.* ("ADEA"),[13] and on the basis of disability under the Americans with Disabilities Act, 42 U.S.C. § 12102(2) ("ADA"), and the Kentucky Civil Rights Act ("KCRA"), K.R.S. § 344.040. Although the age and disability claims suffer from the same deficiency that plagues the entirety of Plaintiff's Complaint, the Court is satisfied that amendment, as to these claims were Plaintiff to incorporate the allegations outlined in the EEOC claim of discrimination, would not be futile.  Accordingly, Plaintiff shall be permitted time to amend his Complaint only with respect to claims VII-IX.

### III.    CONCLUSION

Because Plaintiff failed to properly plead his ERISA-based claims and amendment would be futile, Defendants are entitled to dismissal on Counts I-VI of Plaintiff's Complaint. Defendants' motion as to Counts VII-IX, however, is denied without prejudice and Plaintiff shall amend his Complaint in accordance with this Order.

Accordingly, **IT IS ORDERED THAT** Defendants' Motion to Dismiss (Doc. #5) is hereby **granted in part and denied in part**, as follows:

---

[13]Plaintiff also alleges age discrimination under Title VII of his Complaint.  Title VII, however, neither addresses nor does it prohibit age discrimination.  42 U.S.C. § 2000e, *et seq.* The ADEA bans age discrimination in employment against persons over 40, 29 U.S.C. §§ 623(a)(1), 631(a), and likewise provides the exclusive remedy for federal employment age discrimination claims.  *Hunter v. Sec'y of US Army*, 565 F.3d 986, 993 (6th Cir. 2009); *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006).  Accordingly, Plaintiff fails to state a claim of age discrimination pursuant to Title VII, and to that extent this count is dismissed with prejudice to the degree it attempts to bring an age discrimination claim under Title VII.

1.    Defendants' motion to dismiss is **granted** as to Counts I-VI, Plaintiff's ERISA-based claims.  Those claims are **dismissed with prejudice**.  Amendment shall not be permitted as to Counts I-VI, as amendment would be futile;

2.    Defendants' motion to dismiss is **denied** as to Counts VII-IX.  Plaintiff shall file an amended complaint within twenty (20) days, complete with factual allegations to support the discrimination claims set forth in those three counts; and

3.    In light of the Court's dismissal of all ERISA-based claims, all class allegations are hereby **stricken**.

This 29th day April, 2010.

Signed By:
*David L. Bunning*  *DB*
United States District Judge

G:\DATA\Opinions\Covington\2-09-121-MOO grant in part MTD.wpd